**Dynamic Sheet Metal Ltd. v Masterpiece U.S. Inc.**

2024 NY Slip Op 32180(U)

June 27, 2024

Supreme Court, New York County

Docket Number: Index No. 154756/2020

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. DAVID B. COHEN      PART      58

*Justice*

------------------------------------------------------------------------X

DYNAMIC SHEET METAL LTD.,

           Plaintiff,

- v -

MASTERPIECE U.S. INC.,POKE FIDI LLC,ATLANTIC
SPECIALTY INSURANCE COMPANY,

           Defendants.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154756/2020 |
| MOTION DATE | 09/08/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 147, 148, 149

were read on this motion to/for      SUMMARY JUDGMENT(AFTER JOINDER    .

This case is comprised of two related actions which have been consolidated (NYSCEF Doc. No. 81). In the first action bearing index number 154756/2020 (Action One), Dynamic Sheet Metal Ltd. filed an amended complaint against Masterpiece U.S. Inc. d/b/a Masterpiece Construction, Poke Fidi, LLC and its insurer, Atlantic Specialty Insurance Company, seeking judgment on its mechanics' lien and asserting claims for an account stated and breach of contract. In the second action bearing index number 650878/2021 (Action Two), Poke filed a complaint against Masterpiece S.A. asserting causes of action sounding in breach of contract and for a declaratory judgment.

In the complaints, it is alleged that Poke leased a restaurant at a building located at 40 Rector Street, New York City (Premises), and retained Masterpiece S.A. as the general contractor to perform construction work and furnish materials in connection with the improvement and renovation of the leased premises (Project). Poke also alleges that Masterpiece

**154756/2020 DYNAMIC SHEET METAL LTD. vs. MASTERPIECE U.S. INC.**
**Motion No. 003**

**Page 1 of 11**

US and Masterpiece S.A. (collectively, Masterpiece) are related companies, which Masterpiece does not deny. Dynamic was the subcontractor retained by Masterpiece US to install a HVAC system for the project, and it filed a mechanic's lien against the premises after Masterpiece allegedly failed to pay for its work on the Project. Atlantic issued a bond in favor of Poke in connection with Dynamic's mechanic's lien.

In the instant motion, filed by Poke in Action Two (now the consolidated action), Poke seeks summary judgment on its breach of contract claim against Masterpiece, and a judgment declaring that Masterpiece is required to defend and indemnify Poke from all losses associated with Dynamic's lien against the Premises, including attorneys' fees and expenses incurred by Poke.

## I.     BACKGROUND

The following summary of the background facts, unless otherwise stated, is based primarily on Poke's Statement of Material Facts in support of its summary judgment motion (NYSCEF Doc. No. 123). This case arises out a dispute regarding moneys owed to Dynamic by Masterpiece relating to the Project (SOMF, ¶ 1). In short, because Masterpiece allegedly owed money to Dynamic for Dynamic's work, Dynamic filed a mechanic's lien against the Premises (*id.*, ¶ 3).

Masterpiece hired a consultant to manage the Project, including interactions with architects and engineers, and the consultant signed the Contract and the "purchase order agreement" on Masterpiece's behalf to retain Dynamic (NYSCEF Doc. No. 138). At his deposition, the consultant testified that Masterpiece completed the project and was paid by Poke for its work (NYSCEF Doc. No. 114). He also testified that, based on an email he sent on January 18, 2020, final payment on the Project (as reflected by payment requisition number 11)

**154756/2020   DYNAMIC SHEET METAL LTD. vs. MASTERPIECE U.S. INC.**          **Page 2 of 11**
**Motion No.  003**

2 of 11

was issued by Poke (*id.*). Moreover, he acknowledged that pursuant to the Contract, Masterpiece was responsible for the bonding of any mechanic's lien and, if a lien was placed, Masterpiece was required to defend Poke, but, allegedly, Masterpiece did not have the financial capacity to do so in connection with Dynamic's lien (*id.*).

Dynamic's owner testified that Dynamic was hired by Masterpiece to perform the HVAC work, and the Subcontract contained a so-called "not-to-exceed" clause which, based on his understanding, required Dynamic to give notice to Masterpiece before charging any sum exceeding $36,621.10, the not-to-exceed amount stated in the Subcontract (NYSCEF Doc. No. 113). He also testified that Dynamic and Masterpiece did not prepare any written amendment to the Subcontract, but some terms were altered verbally, and that during the course of Dynamic's work on the Project, it provided various documents and invoices reflecting the amount of materials and labor expended by it on the Project, which were not questioned by Masterpiece (*id.*, ¶¶ 26-28).

Dynamic's owner further testified that, upon completion of the work, Dynamic was instructed to pick up its final check due and owed by Masterpiece in the amount of $81,950.80, but Masterpiece issued a check only in the amount of $47,945.24 (*id.*, ¶¶ 29-30). Because Dynamic did not receive full payment for its work, it filed a mechanic's lien against the Premises in the amount of $81,190.50, which reflects the difference between the value of labor and materials furnished by it on the Project ($129,135.74) and the amount it was paid by Masterpiece ($47.945.24) (*id.*, ¶¶ 32-34).

Poke's motion is supported by an affidavit from one of its members (NYSCEF Doc. No. 99), wherein he states that Poke leases the Premises at issue and operates a restaurant there (¶ 35). Pursuant to the lease, Poke agreed not to cause any liens to be recorded against the Premises

**154756/2020 DYNAMIC SHEET METAL LTD. vs. MASTERPIECE U.S. INC.**
**Motion No. 003**

**Page 3 of 11**

3 of 11

and to pay for all costs associated with any lien discharge (*id.*). Poke fully performed the Contract and paid all sums due and owed to Masterpiece; however, upon completion of the Project, Poke was made aware that Dynamic had filed a lien against the Premises for monies it claims were owed by Masterpiece, and Poke thus commenced Action One to foreclose on the lien (*id.*, ¶¶ 38-39).

Poke also requested that Masterpiece comply with section 15.5.4 of their Contract, which is based on a "standard form" provided by the American Institute of Architects (AIA), and which provides that: "Provided Owner [Poke] has fulfilled its payment obligations . . . Contractor [Masterpiece] shall defend and indemnify [Poke] from all loss, liability . . . including reasonable attorney's fees and litigation expenses, arising out of any lien claim . . . by any Subcontractor" (*id.* at 4). The contract also provides that: "Final payment shall not become due until [Masterpiece] has delivered to [Poke] a complete release of all liens arising out of this Contract . . . or a bond satisfactory to [Poke] to indemnify [Poke] against such lien. [And] if such lien remains unsatisfied after payments are made, [Masterpiece] shall refund [Poke] all money that [Poke] may be compelled to pay in discharging such lien" (*id.*; citing Contract, § 15.7.2).

Poke contends that Masterpiece refused to defend and indemnify Poke against the lien, and thus, under the threat of legal action by the landlord, Poke procured a bond at its own expense in January 2021 in the sum of $89,309.55, and has allegedly incurred and continues to incur legal fees and expenses in connection with discharging the lien and defending the lien foreclosure action (*id.*, ¶¶ 42, 49).

## II.    ANALYSIS

The movant for summary judgement must make a prima-facie showing of entitlement to summary judgment as a matter of law, tendering sufficient credible evidence to eliminate any

**154756/2020   DYNAMIC SHEET METAL LTD. vs. MASTERPIECE U.S. INC.**
**Motion No.  003**

**Page 4 of 11**

4 of 11

disputed material issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The motion should be denied if the movant fails this showing; however, where such showing is made, the burden shifts to the opposing party to produce sufficient evidentiary proof to establish the existence of a material issue of fact which requires a trial (*id.*). The motion must also be denied if there is any doubt about the existence of a material disputed issue of fact, because summary judgment is a drastic remedy that is granted only in the absence of triable issues (*Vega Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]; *Aguilar v City of New York*, 162 AD3d 601, 601 [1st Dept 2018]).

Moreover, where different conclusions may be reasonably drawn from the proffered evidence, the motion should also be denied (*Jaffe v Davis*, 214 AD2d 330 [1st Dept 1995]). On the other hand, bare allegations or conclusory assertions are insufficient to create genuine issues of fact to defeat the summary judgment motion (*Zuckerman v City of New York*, 49 NY2d 557 [1980]).

Poke argues that the Contract's plain language requires Masterpiece to resolve all lien issues and to refund all costs and expenses incurred by Poke in connection therewith (Poke Brief at 3-6). Poke also asserts that, based upon documentary and testimonial evidence, including documents showing that Poke made a full and final payment to Masterpiece, the Contract's unambiguous language entitles Poke to defense and indemnification from Masterpiece for the mechanic's lien filed by Dynamic (*id.* at 4-5).

Poke also argues that Masterpiece's refusal to comply with its contractual obligations cannot be excused in light of testimony that Masterpiece did not bond the lien because it was financially unable to do so, and that Masterpiece's position that Dynamic's lien was improper based on the "not-to-exceed clause" in the Subcontract is not viable in the lien foreclosure action

**154756/2020   DYNAMIC SHEET METAL LTD. vs. MASTERPIECE U.S. INC.**
**Motion No.  003**

**Page 5 of 11**

5 of 11

and also inconsequential to the instant motion because any "extraneous matters beyond the language of the Contract should not be considered," and as the Contract requires Masterpiece to defend and indemnify Poke for all loss and liability arising out of any claim or lien filed by any subcontractor (*id.* at 6).

Based on the foregoing, Poke has satisfied its prima facie burden by showing that Masterpiece breached their agreement by failing to indemnify and defend Poke against Dynamic's lien.

In opposition, Masterpiece contends that there are material issues of disputed fact, including divergent interpretations of certain contractual provisions, which require a denial of Poke's summary judgment motion (Masterpiece Opposition). First, Masterpiece contends that, contrary to Poke's argument, the Contract does not require it to post a bond for Dynamic's lien as the contractual language is equivocal. Moreover, the indemnity provision does not apply to the costs and expenses arising from Masterpiece's "election" to not bond the lien, but applies only to the costs and expenses arising from a judgment awarded to Dynamic against Poke in the lien foreclosure action, which has not yet occurred.

Second, since Poke did not tender or request Masterpiece to assume Poke's defense in Action One, any claim against Masterpiece for failure to defend has no merit, and in any event, the clear contractual language neither requires Masterpiece to post a bond for the lien nor to defend and indemnify Poke (*id.*).

Masterpiece's contentions are unpersuasive. Even assuming the Contract does not specifically require Masterpiece to post a bond for the lien, it nevertheless mandates Masterpiece to defend and indemnify Poke for all costs and expenses arising out of such lien when Poke "has fulfilled its payment obligation" thereunder.

**154756/2020   DYNAMIC SHEET METAL LTD. vs. MASTERPIECE U.S. INC.**                          **Page 6 of 11**
**Motion No.  003**

[* 6]                                        6 of 11

Masterpiece's other contention, that its indemnity obligation is limited "only to the costs and expenses arising from a judgment awarded to Dynamic against Poke," is not supported by the contractual language, and Masterpiece has not cited any caselaw to support its interpretation.

Thus, even if Masterpiece had "elected" not to bond the lien, as is the case here, it was still contractually mandated to indemnify Poke for all costs and expenses related to discharging the lien. Masterpiece's responsibility in this regard was confirmed by the testimony of its consultant, who signed the Contract on Masterpiece's behalf.

Additionally, while Masterpiece asserts that it is not required to defend Poke in Action One, it concedes that had Poke tendered the defense or requested Masterpiece to defend, it "would have assumed Poke's defenses and all associated costs and expenses" (Masterpiece Opposition, ¶ 23). Moreover, the Contract does not require Poke to tender the defense to Masterpiece as a "condition precedent" to indemnification, and this motion by Poke is primarily seeking indemnity by Masterpiece for all costs and expenses incurred by Poke as a result of the filed lien.

Masterpiece also contends that, to the extent it was required to post a bond, Poke was required to fulfill its payment obligations to Masterpiece as a "condition precedent" to bond posting, and there is a balance due of $65,895.69, thereby raising a material question as to whether Poke fulfilled its payment obligations (*id.*, ¶ 26).

Further, despite Poke's assertion that it was not required to pay the balance because Masterpiece's consultant issued a "credit" for the remaining amount, Masterpiece counters that (1) the consultant was not its employee; (2) the "putative credit issued was never authorized" by it, as it only "recently learned" of the credit; (3) the credit was "not signed and accepted" by

**154756/2020   DYNAMIC SHEET METAL LTD. vs. MASTERPIECE U.S. INC.**
**Motion No. 003**

**Page 7 of 11**

7 of 11

Masterpiece, and the consultant wished to "close out the Project and collect his commission" in issuing the credit; and (4) therefore, Masterpiece is not liable to Poke for indemnification or for not posting a bond for the lien (*id.*, ¶¶ 27-31).

Masterpiece's attempt to disavow its consultant's authority is unavailing, as the consultant, on behalf of Masterpiece, signed the Contract with Poke and the Subcontract with Dynamic (NYSCEF Doc. Nos. 135 and 138), and in prior motion papers filed by Masterpiece in this action, the consultant stated that he is Masterpiece's Vice President (NYSCEF Doc. No. 16). Moreover, the consultant testified at his deposition that he had the authority to enter into agreements to bind Masterpiece and to issue the credit (Poke Reply at 5-7).

At a minimum, Masterpiece gave the consultant the apparent authority to act on its behalf in connection with the Project (*Parlato v Equitable Life Assur. Socy. of U. S.*, 299 AD2d 108,113 [1st Dept 2002] [defendant principal may be held liable for acts of its agent who acted with apparent authority in dealings with plaintiff, even if agent committed acts solely for his personal benefit and to detriment of principal]).

Also, while Masterpiece asserts that it did not learn of the credit "until recently," there is documentary evidence showing that Masterpiece was notified of it in the consultant's January 18, 2020 email to Poke (*id.* at 7; referencing email NYSCEF Doc. No. 119).

Masterpiece also contends that this motion must be denied because there is a disputed issue of fact as to whether Poke was "compelled" to bond the lien (Masterpiece Opposition, ¶¶ 32-33). Relying on section 15.7.2 of the Contract which states, in part, that if the lien "remains unsatisfied after payments are made, [Masterpiece] shall refund to [Poke] all money that [Poke] **may be compelled** to pay in discharging such lien [emphasis added]," Masterpiece asserts that Poke fails to provide a copy of the lease for the Premises to show that it was required under the

**154756/2020   DYNAMIC SHEET METAL LTD. vs. MASTERPIECE U.S. INC.**          **Page 8 of 11**
**Motion No.  003**

[* 8]                                                          8 of 11

lease to bond and discharge any lien, or that the landlord compelled Poke to do so (*id.*, ¶ 34). Masterpiece further asserts that Poke fails to satisfy a "condition precedent" to demonstrate it was in fact compelled to do so by the landlord, and thus Masterpiece cannot be held liable to refund Poke's expenses in connection with bonding and discharging the lien (*id.*, ¶ 37).

However, Masterpiece does not cite any caselaw in support of its interpretation of this contractual provision that Poke must demonstrate, as a "condition precedent" to reimbursement of expenses, that Poke must have been "compelled" by the landlord, pursuant to the lease, to bond or discharge the lien. Indeed, the clause may be logically interpreted to simply mean that the expenses incurred by Poke must be related to the bonding and/or discharging the lien, which dovetails with the other contractual provision that Masterpiece shall indemnify Poke for all costs and expenses arising out of any lien filed by a subcontractor, such as Dynamic, in connection with the Project.

Masterpiece further contends that, even if Poke can show that it was "compelled to" bond the lien and that "final payment" was made by Poke on the Project, the payment refund provision of section, which requires Masterpiece to indemnify Poke for Masterpiece's failure to bond the lien, "directly conflicts" with the provision that Masterpiece is "not required to" bond such lien (*id.*, ¶¶ 38-42). However, as explained earlier, Masterpiece's contentions -- made in the context of the "compelled to," "final payment" and "not required to" clauses -- are unpersuasive.

Masterpiece's additional contention that there is a "misunderstanding" of the parties regarding the two provisions at issue, which according to its counsel's interpretation, "directly conflict" with each other (*id.*, ¶ 41-42) -- is equally unpersuasive, as Masterpiece does not explain how these two sections "directly conflict" with each other, nor does it elucidate the

**154756/2020   DYNAMIC SHEET METAL LTD. vs. MASTERPIECE U.S. INC.**        **Page 9 of 11**
**Motion No.  003**

9 of 11

parties' purported "misunderstanding" of these provisions, which, except for the "rider" to the Contract, are undisputedly based on an AIA standard form.

Lastly, Masterpiece contends that the instant motion should be denied because there is a dispute of material fact regarding Poke's actual damages (*id.*, ¶¶ 43-48), as: (1) Poke fails to attach proof of payments in connection with procuring the bond, which would not be the full value of the bond itself; (2) Poke also fails to submit any proof of payments regarding the amount of attorney fees and costs it has incurred thus far; and (3) there is a dispute regarding the validity of Dynamic's lien, an unresolved issue still pending before the Court in the lien foreclosure action (Action One), which directly relates to Poke's claim for damages, and renders Poke's instant motion for summary and declaratory judgment premature (*id.*, ¶¶ 22 and 46-47).

However, as Poke has observed, because this motion requests summary and/or declaratory judgment relief, it does not require Poke to submit proof of damages at this stage, and that while Dynamic's lien action is pending and Poke's damages have not yet been fully ascertained, the extent of Poke's damages "will be realized at the conclusion of such action" (Poke Reply at 12-13).

Thus, Poke is not required to prove its actual damages now with respect to the indemnity issue, as proof of such damages "will be provided at inquest after resolution of the pending mechanic's lien action" (*id.* at 13, citing *Masciotta v Morse Diesel Intl.*, 303 AD2d 309, 310 [1st Dept 2003] [court may issue a "conditional judgment" on issue of indemnity pending determination of primary action so that indemnitee may obtain "the earliest possible determination as to the extent to which he or she may expect to be reimbursed"] [internal quotation marks and citation omitted]).

**154756/2020   DYNAMIC SHEET METAL LTD. vs. MASTERPIECE U.S. INC.**
**Motion No.  003**

**Page 10 of 11**

10 of 11

### III.   Conclusion

Accordingly, it is hereby

ORDERED that Poke's motion for summary judgment (motion sequence number 003) is granted in favor of Poke on the issue of liability as against Masterpiece; and it is further

ADJUDGED and DECLARED that Poke is entitled to be defended and indemnified by Masterpiece to the extent of all losses sustained and charges incurred by Poke related to the mechanic's lien filed by Dynamic; and it is further

ORDERED, that the extent of Poke's damages will be determined at trial.

20240627160743DC0HEN8819D3FB877B436F851D2EF84A46B6E1

| 6/27/2024 | | |
|---|---|---|
| **DATE** | | **DAVID B. COHEN, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154756/2020   DYNAMIC SHEET METAL LTD. vs. MASTERPIECE U.S. INC.**
**Motion No.  003**

Page 11 of 11

11 of 11